UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| ARDEGENE R. WHITE HAWK, individually and as SPECIAL ADMINISTRATOR AND PERSONAL REPRESENTATIVE of the ESTATE OF LYNETTE A. GOGGLES, Deceased, | 5:21-cv-05089-LLP |
| Plaintiffs, | **STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677** |
| v. | |
| TRIBAL EM AKA TRIBAL EM, PLLC, DR. NELSON I. SANABRIA, JOE W. LLITERAS, LACY J. CORTES, HEATHER A. JOHNSON, MEAGAN ULMER, DALE AVIATION, INC., DBA MEDICAL AIR RESCUE COMPANY (MARC) and JOHN DOES NOS. ONE THROUGH SEVEN, individually, and jointly and severally, | |
| Defendants. | |

It is hereby stipulated by and between the undersigned, Ardegene R. White Hawk, individually and as Special Administrator and Personal Representative of the Estate of Lynette, A. Goggles, deceased and her attorneys, Zephier & LaFleur, P.C., and the United States of America, by and through United States Attorney Alison J. Ramsdell and Assistant United States Attorney Stephanie C. Bengfor, as follows:

1.     The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action, under the terms and conditions set forth in this Stipulation for Compromise Settlement and Release ("Stipulation").

2.     The United States of America agrees to pay the sum of FIFTY-FIVE

THOUSAND DOLLARS ($55,000.00), which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including any claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries or damage to property and the consequences thereof, resulting, and to result, from the subject matter of this lawsuit for which Plaintiff, or her guardians, heirs, executors, administrators, or assigns, now have or may hereafter acquire against the United States of America, its agents, servants, employees, and the employees of the U.S. Department of Health and Human Services.

3.      Plaintiff hereby agrees to accept the sum set forth in this Stipulation in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries or damage to property and the consequences thereof which she may have or hereafter acquire against the United States of America, its agents, servants, employees, and the employees of the U.S. Department of Health and Human Services, on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiff further agrees to reimburse, indemnify, and hold harmless the United States of America, its agents, servants, and employees from and against any and all such claims, causes of action, liens, rights, or subrogated or contribution interests, incident to or resulting from further litigation or the prosecution of claims by Plaintiff against any third party or against the United States of America, including claims for wrongful death.

4.      This Stipulation is not, and is in no way intended to be, and should not be

construed as, an admission of liability or fault on the part of the United States of America, its agents, servants, or employees, or the employees of the U.S. Department of Health and Human Services, and it is specifically denied that they are liable to Plaintiff. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

5.      It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses, and that any attorney's fees owed by Plaintiff will be paid out of the settlement amount and not in addition thereto.

6.      It is also understood by and among the parties that pursuant to 28 U.S.C. § 2678, attorney's fees for services rendered in connection with this matter shall not exceed 25 per centum of the amount of the compromise settlement.

7.      The persons signing this Stipulation warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement. Prior approval of the settlement by a court of competent jurisdiction is necessary, if required by law. In the event state or tribal law requires court approval, Plaintiff has the obligation to obtain such approval. Plaintiff agrees to obtain such approval  in a timely manner: time being of the essence. Plaintiff further agrees that the United States of America may void this settlement at its option in the event Plaintiff fails to obtain such court approval in a timely manner. In the event state or tribal law requires court approval of this settlement, and such approval is not obtained, the entire Stipulation and the compromise settlement are null and void.

8.      Payment of the settlement amount will be made by the Government via electronic funds transfer. Plaintiff's attorneys will provide the necessary information to the Government to complete the electronic funds transfer of the settlement proceeds. Plaintiff's

attorneys agree to distribute the settlement proceeds to Plaintiff in accordance with the terms and conditions of this Stipulation and to obtain a dismissal of the above-captioned action with prejudice, with each party bearing its own fees, costs, and expenses. Plaintiff's attorneys are solely responsible for ensuring that the settlement money is properly distributed. No further claims against the United States of America will be brought by Plaintiff because of improper distribution of the settlement proceeds.

9.      Plaintiff stipulates and agrees that her attorneys shall escrow the aggregate face value of any and all currently known liens and currently known claims for payment, reimbursement or subrogation, including any such liens or claims by Medicaid or Medicare, arising out of the subject matter that gave rise to the above-captioned action, whether disputed as legally valid or not, and shall not distribute to Plaintiff any portion of the escrowed amount unless and until said liens and claims have been paid or resolved.

10.      Plaintiff, on behalf of herself and her guardians, heirs, executors, administrators, and assigns further stipulates and agrees that she is legally responsible for any and all past, present and future liens and past, present, and future claims for payment, reimbursement or subrogation, including any past, present, future liens or claims for payment, reimbursement or subrogation by any individual or entity, including an insurance company, Medicaid (including the State of South Dakota), and Medicare, arising from the injuries that are the subject matter of this action.  Plaintiff stipulates and agrees that she will satisfy or resolve any and all such past, present, and future liens or claims for payment, reimbursement or subrogation, asserted by any such individual or entity.  Plaintiff agrees that no later than thirty (30) days from the date any past, present, or future lien or claim for payment, reimbursement or subrogation is paid or resolved by Plaintiff, she will provide to the United States of America

4

evidence that said lien or claim has been satisfied or resolved and that said lienholder has waived and released such lien or claim.  The evidence required by the terms of this paragraph may be satisfied by a letter from Plaintiff's attorneys representing to counsel for the United States of America that such lien or claim has been satisfied or resolved and that the lienholder has waived and released such lien and claim.

11.     Plaintiff shall be solely responsible for full compliance with all applicable Federal, state, and local tax requirements.  Plaintiff executes this Stipulation without reliance upon any representation by the United States of America as to tax consequences, and Plaintiff agrees that she is responsible for the payment of all taxes that may be associated with this settlement.  Further, nothing in this Stipulation waives or modifies Federal, state, or local laws pertaining to taxes, offsets, levies, and liens that may apply to this Stipulation or the settlement proceeds.  Plaintiff executes this Stipulation without reliance on any representation by the United States of America as to the application of any such law.  Plaintiff, on behalf of herself and her guardians, heirs, executors, administrators, assigns, subrogees, predecessors in interest, and successors in interest, understands and agrees that this transaction may be reported to the Internal Revenue Service and other government agencies in the ordinary course of the business of the United States of America and may be subject to offset pursuant to the Treasury Offset Program.

12.      Plaintiff represents that she has read, reviewed, and understands this Stipulation, and that she is fully authorized to enter into the terms and conditions of this agreement and that she agrees to be bound thereby.  Plaintiff also acknowledges that she enters into this Stipulation freely and voluntarily.  Plaintiff further acknowledges that she has had sufficient opportunity to discuss this Stipulation with her attorneys, who have explained the

document to Plaintiff and that Plaintiff understands all of the terms and conditions of this Stipulation.

13.     The parties agree that this Stipulation, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in its entirety, and Plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

14.     It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed one document.

Dated this _15_ day of September 2024.

ARDEGENE R. WHITE HAWK

Dated this _16th_ day of September 2024.

ZEPHIER & LAFLEUR, P.C.

Robin L. Zephier
2020 W. Omaha Street
Rapid City, SD 57701
*Attorneys for Plaintiff*

7

Dated this 2nd day of October 2024.

ALISON J. RAMSDELL
United States Attorney

Stephanie C. Bengford
Assistant United States Attorney
PO Box 2638
Sioux Falls, SD 57101-2638
Phone: 605.357.2341
Stephanie.benford@usdoj.gov
*Attorneys for Defendant*