UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| ARDEGENE R. WHITE HAWK, individually and as Special Administrator and Personal Representative of the Estate of Lynette A. Goggles, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>TRIBAL EM, a/k/a Tribal EM, PLLC, DR. NELSON L. SANABRIA, LUCY J. CORTES, HEATHER A. JOHNSON, MEAGAN ULMER, JOHN DOES ONE THROUGH SEVEN, individually, jointly, and severally,<br><br>Defendants. | 5:21-CV-05089<br><br>ORDER |

The present matter was initially filed on February 14, 2020, in in the Seventh Judicial Circuit Court, County of Oglala Lakota, State of South Dakota. On April 6, 2021, an order was entered changing venue to Pennington County, South Dakota. Then on December 15, 2021, acting United States Attorney Dennis R. Holmes and Assistant United States Attorney Stephanie C. Bengford certified that Defendant Joeseph W. Lliteras was acting within the scope of his employment at the time of the alleged actions and inactions giving rise to the current lawsuit and removed to this Court pursuant to 28 U.S.C. § 2679(d)(2), which provides that:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the

1

>United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

Jurisdiction of this Court was also authorized pursuant to 28 U.S.C. § 1441 on grounds that an action for monetary damages against the United States of America may only be properly litigated in federal court because the United States District Court has original jurisdiction over such claims. On October 2, 2024, Plaintiff and Defendant United States reached a settlement agreement (Doc. 77), and on October 29, 2024, the Court entered a judgment (Doc. 79) granting a joint stipulation for dismissal of the United States as a party with prejudice.

As the Supreme Court has explained, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon Univ. v. Cohill* 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.3d 720 (1988). All that remains following the dismissal of the United States as a party are state-law tort claims, and upon review of the record, there is not complete diversity among the parties. Originally, these state-law claims fell within the jurisdiction of the Court to which the action was removed because they derived from the same nucleus of operative fact as the federal-law claim. However, now that the United States is no longer a party, and all federal-law claims have been resolved, the Court must use its discretionary power to determine whether it will retain jurisdiction, dismiss the remaining state-law claims without prejudice, or remand the remaining state-law claims to state court. *Id.* at 357; *Lindsey v. Dillard's, Inc.*, 306 F.3d 596, 599 (8th Cir. 2002); *St. John v. Int'l Ass'n of Machinists & Aerospace Workers*, 139 F.3d 1214, 1217

(8th Cir. 1998). See also *Wilson v. Miller*, 821 F.3d 963, 970, No. 15-1415, 2016 WL 1621952, at *6 (8th Cir. Apr. 25, 2016) ("A federal district court has discretionary power to decline the exercise of supplemental jurisdiction where the court has 'dismissed all claims over which it has original jurisdiction.'" (quoting 28 U.S.C. § 1367(c)(3))).

The factors a court should consider in deciding whether to exercise jurisdiction over pendent state law claims are "judicial economy, convenience, fairness, and comity." *Carnegie-Mellon*, 484 U.S. 350. Justice Marshall went on to explain that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered...will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* at 350 n. 7, 108 S.Ct. 614. Further, the pendent jurisdiction doctrine "usually will favor a decision to relinquish jurisdiction when 'state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or the comprehensiveness of the remedy sought.'" *Id.* (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)).

In the Court's view, a consideration of the factors in the present case weigh in favor of remand. As an initial matter, an injured party has a right to choose its forum and Plaintiff chose to initiate this action in state court. *BASF Corp. v. Symington* 50 F.3d 555, 559 (8th Cir. 1995). The interest of fairness supports remand back to the state court in which it came. Moreover, state issues substantially predominate. All the federal claims have been eliminated prior to trial and the claims which remain are purely state-law tort claims. In respect to the principal of comity, and consistent with the reasoning of the Supreme Court in *Carnegie-Mellon* and *Gibbs* the Court declines to exercise jurisdiction over the remaining state-law claims.

"When declining to exercise supplemental jurisdiction under § 1367(c), the court can decide to dismiss the remaining claims without prejudice or remand those claims to state court." *Lindsey*, 306 F.3d 599; *St. John*, 139 F.3d 1217.  The statute of limitations in South Dakota for a wrongful death action in the context of medical malpractice is two years from the date of the alleged malpractice. *Peterson ex rel. Peterson v. Burns*, 2001 S.D. 126, ¶ 46, 635 N.W.2d 556, 572.  The events in question occurred on March 2, 2018, thus the statute of limitations has run and dismissal of the remaining claims without prejudice, is strongly disfavored.  See *Carnegie-Mellon*, 484 U.S. 351-2 ("a remand generally will be preferable to a dismissal when the statute of limitations on the plaintiff's state-law claims has expired... [t]his consequence may work injustice to the plaintiff...[and] [e]qually important, and more easily overlooked, the foreclosure of the state-law claims may conflict with the principle of comity to States...[as it] undermines the State's interest in enforcing its law.").

Additionally, even in a situation when the applicable statute of limitations has not lapsed, a remand best serves the interests of economy, convivence, fairness, and comity. *Id.* at 353.  Both the parties and the State have an interest in the speedy and efficient resolution of controversies based on state law, and there is no question that dismissal hinders those values.  This factor, even taken alone, is sufficient for the Court's decision to remand rather than dismiss.

Accordingly, IT IS ORDERED that this matter be remanded to the Seventh Judicial Circuit Court, County of Pennington, State of South Dakota.

Dated this 4th day of December, 2024.

BY THE COURT:

*[signature]*

LAWRENCE L. PIERSOL
United States District Judge